800 So.2d 525 (2001)
Charles Anthony MURPHY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01698-COA.
Court of Appeals of Mississippi.
September 18, 2001.
Rehearing Denied November 20, 2001.
Charles Anthony Murphy, Appellant Pro Se.
Office of the Attorney General by John R. Henry Jr., for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
*526 THOMAS, J., for the Court:
¶ 1. Charles Anthony Murphy, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his petition for post-conviction relief. Aggrieved, Murphy perfected this appeal, raising the following issues as error:
I. MURPHY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
II. AN IMPROPER SENTENCE WAS IMPOSED ON MURPHY WHEN HIS PROBATION WAS REVOKED.
III. MURPHY'S DUE PROCESS RIGHTS WERE VIOLATED.

FACTS
¶ 2. In December of 1995, Murphy was indicted by a grand jury for the sale or transfer of a controlled substance. On June 22, 1998, Murphy entered a plea of guilty to the indictment and he was sentenced to a term of seven years imprisonment, with six and a half of those years suspended upon good behavior. Upon release, Murphy was to be placed on probation for two years.
¶ 3. Murphy failed to comply with the terms of his probation. On January 28, 1999, upon a petition to revoke probation filed by the Mississippi Department of Corrections and by his own admission, the court found that Murphy had violated the terms of his probation. The court gave him a second chance and, rather than revoking probation, extended his probation period to a total of four years as a sanction for his failure to comply. Murphy was then placed in the restitution center until he paid a fine and court costs.
¶ 4. Again, Murphy failed to comply with the terms of his probation. On July 1, 1999, upon a petition to revoke probation filed by the Mississippi Department of Corrections and again by his own admission, the court found that Murphy had violated the terms of his probation. The court revoked Murphy's probation and he was placed in the custody of the Mississippi Department of Corrections to serve the original sentence of seven years.
¶ 5. In June of 2000, Murphy filed, pro se, a motion for post-conviction relief. In these pleadings he alleged that he received ineffective assistance of counsel, his due process rights were violated and his sentence had been unduly prolonged. The lower court denied Murphy any relief and he now appeals.

ANALYSIS
¶ 6. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).

I. WAS MURPHY DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Murphy's claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Murphy's argument. Under Strickland and Stringer, Murphy must show that the counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Stringer, 454 So.2d at 476. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss.1994). The defendant has the burden of successfully demonstrating that *527 both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 8. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With these principles in mind, we now turn to Murphy's allegations of ineffectiveness.
¶ 9. Murphy asserts that his attorney was out of town at the time of his probation revocation hearing, therefore, he was without the assistance of effective counsel at the hearing. The United States Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) held that a probationer is entitled to be represented by appointed counsel at a combined revocation and sentencing hearing unless probationer was sentenced at the time of the trial or plea. Id.See also Riely v. State, 562 So.2d 1206, 1209 (Miss. 1990). However, the case sub judice is distinguishable from Mempa. Murphy was sentenced at the time of his plea for a period of seven years, although suspended. In Mempa, there was no sentence at the time of the plea. Mempa differs from the case at bar, due to the fact that Mempa did not receive an actual sentence until his probation was revoked and a sentencing hearing was held. Mempa could have been sentenced for a period of one day or ten years, and in this regard, the United States Supreme Court requires counsel to be present for the sentencing hearing. In the instant case, the trial judge at the plea hearing informed Murphy that a violation of the conditions of probation would result in revocation of his probation and execution of the seven year sentence. Our supreme court in Riely held that probationers and parolees do not "have, per se, a right to counsel at revocation hearings." Crowell v. State, No.1999-CA-02118-COA (Miss.Ct.App. Nov.28, 2000) (citing Riely v. State 562 So.2d 1206, 1209 (Miss.1990)).

II. WAS AN IMPROPER SENTENCE IMPOSED ON MURPHY WHEN HIS PROBATION WAS REVOKED?
¶ 10. When Murphy's probation was revoked, he was ordered to serve the original sentence of seven years. Murphy should receive credit for the six months time served prior to the probation period. That term of six months was the portion of the seven year sentence that was not suspended. However, Murphy should not receive credit for time he spent on probation. Miss.Code Ann. § 47-7-37 (Rev. 2000). In the case at hand, a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial six months time served. Murphy should send such requests to the proper authorities within the Mississippi Department of Corrections administrative system. If he is denied the proper relief, or credit for time served, by the administrative system, he *528 should then turn to the courts to seek remedy.

III. WERE MURPHY'S DUE PROCESS RIGHTS VIOLATED?
¶ 11. Murphy complains that he did not receive a written notice of the parole revocation hearing and, thus, did not have enough time to adequately prepare for the hearing. There is nothing in the record that indicates that Murphy did not receive a written notice of the parole revocation hearing. Further, this argument seems to be an extension of the ineffective assistance of counsel claim, and lacks merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.