919 So.2d 1075 (2005)
Jimmy Shane GABLE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-00862-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1076 John Carl Helmert, Clarksdale, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On September 3, 2001, Jimmy Shane Gable stole a 9 millimeter rifle, which he then sold. Because he was on probation for burglary and larceny at the time of the sale, a warrant for his arrest was issued on September 24, 2001. That warrant was later withdrawn because the private citizen to whom Gable sold the firearm was unable to identify him in a photographic line-up which was held on October 15, 2001. Gable was subsequently indicted by the Lee County grand jury during the November 2001 term for grand larceny and possession of a firearm as a convicted felon.
¶ 2. On February 4, 2002, Gable pled guilty to the grand larceny, and he was sentenced as a non-habitual offender as part of his plea bargain. Gable was sentenced to serve five years in the custody of the Mississippi Department of Corrections, with credit for time served; however, his five-year sentence was suspended pending Gable's successful completion of one year of post-release supervision. Gable's post-relief supervision was revoked on May 28, 2002, for failing to comply with the terms of his post-release supervision. Gable was sentenced to serve his five-year term and subsequently filed a pro se motion seeking post-conviction relief. Gable's motion was erroneously dismissed as a successive petition by the trial court; however, the motion was reinstated by order of the trial court upon confirmation that Gable's motion was not a successive petition. An evidentiary hearing was held on January 30, 2004, and at the close of the hearing the trial court denied Gable's motion.
¶ 3. It is from this denial that Gable now appeals, arguing the following three assignments of error: (1) the trial court erred in denying his motion for post-conviction relief because his sentence exceeds the maximum allowed by law; (2) the trial court erred in denying his motion for post-conviction relief because he received ineffective assistance of counsel at trial; and (3) the trial court erred in finding that his guilty plea was voluntary.
*1077 ¶ 4. Finding no merit to these arguments, we affirm the judgment of the trial court.

STANDARD OF REVIEW
¶ 5. When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, where questions of law are raised the applicable standard of review is de novo. Id. Regarding ineffective assistance of counsel claims, we look to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Id. To prevail on his claim of ineffective assistance of counsel, Gable must demonstrate with specificity and detail the elements of the claim. Sandifer v. State, 799 So.2d 914, 919 (¶ 2) (Miss.Ct.App.2001). A guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered. Banana v. State, 635 So.2d 851, 854 (Miss.1994). For a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea. Id.

I. DID THE TRIAL COURT ERR IN DENYING GABLE'S MOTION REGARDING HIS SENTENCE OF FIVE YEARS?
¶ 6. Gable argues that his sentence is in excess of the five year maximum allowed under Mississippi law because he was not given credit for the five months he served awaiting his trial. The penalty for grand larceny is five years. Miss Code Ann. Sec. 97-17-41 (Rev.2000).
¶ 7. This Court has previously addressed the issue of crediting an inmate with time he has served. In Murphy v. State, 800 So.2d 525 (Miss.Ct.App.2001), the defendant received a suspended sentence of seven years and was placed on probation. Prior to sentencing the defendant served six months. After his probation was revoked, the defendant was sentenced to serve his seven-year term. Our Court found that "a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial six months time served." Murphy, 800 So.2d at 527-28 (¶ 10). Our Court further opined that the defendant "should send such requests to the proper authorities within the Mississippi Department of Corrections administrative system. If he is denied the proper relief, or credit for time served, by the administrative system, he should then turn to the courts to seek remedy." Id.
¶ 8. We agree with our prior holding in Murphy and accordingly apply our ruling on this issue to the case sub judice. Gable was sentenced to serve five years. He should notify the Department of Corrections of the time he previously served. In the event he is denied credit for his time served he should seek redress in the courts. This assignment of error lacks merit.

II. DID THE TRIAL COURT ERR IN DENYING GABLE'S MOTION REGARDING HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS?
¶ 9. Gable argues that his trial attorney's performance was deficient because his attorney failed to investigate the *1078 possibility that the purchaser of the firearm was unable to identify Gable. Gable argues that at the time of his guilty plea, he was unaware that the purchaser could not identify him. Under Strickland, Gable must show that his attorney's performance was deficient and that this deficiency prejudiced him. Under the second prong of the Strickland test "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. The burden of proof rests with Gable. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 10. At the hearing on Gable's motion for post-conviction relief, both Gable and his trial attorney, Mr. Wayne Housely testified. From the testimony at the hearing, it is clear that Housely requested, received and reviewed some thirty-six pages of discovery from the State. It is also clear that prior to the hearing on the motion for post-conviction relief, Housely never saw the document seeking withdrawal of the probation warrant. Although the record before this Court does not contain the discovery received by Gable at the trial level, at the hearing Housely also testified that prior to Gable's plea, the State had not one, but eight potential witnesses to his crime, as well as at least one written statement other than the statement referenced in the application to withdraw the warrant.
¶ 11. The trial court determined that Housely's representation was not deficient, and we agree. Gable has failed to show any inadequacy in Housely's representation, and he has certainly failed to show that he was prejudiced by any deficiency. Even without the witness referenced in the application to withdraw the warrant, the record reflects the State was prepared to call eight other witnesses in their prosecution of the case. The existence of these other witnesses diminishes any probability that but for Housely's ignorance of the purchaser's ability to identify Gable, the outcome of the proceeding would have been different. Gable's assertion of error lacks merit.

III. DID THE TRIAL COURT ERR IN DENYING GABLE'S MOTION REGARDING HIS GUILTY PLEA?
¶ 12. Gable argues that his guilty plea was involuntary for two reasons. Gable argues that his plea was involuntary because his attorney failed to adequately inform him of the facts relevant to his case. As discussed in Section II of this opinion, this argument lacks merit.
¶ 13. Gable also argues that his plea was not voluntary because "the facts adduced at the hearing for post-conviction relief show that he was under the influence of anti-psychotic medications." Gable asserts that on the day of his guilty plea, as well as the day of his hearing for post-conviction relief, he had not been given his daily dosage of two medications for which he had prescriptions, namely Zoloft and Seroquel. Gable argues that prior to taking his guilty plea, the trial judge never inquired whether he was under the influence of medications; however, this is not the standard by which voluntariness is judged.
¶ 14. A plea is considered voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea. Wilson v. State, 577 So.2d 394, 397 (Miss.1991). *1079 Specifically, the defendant must be told "that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Reviewing the record of his plea colloquy, Gable was informed of the charges against him, the possible sentence he faced, and the fact that in pleading guilty he was waiving his right to a trial by jury, the right to confront witnesses, and the right not to testify against himself. Thus, the trial court's failure to inquire if Gable was under the influence of medication does not render Gable's plea involuntary. This assignment of error lacks merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.