929 So.2d 394 (2006)
Hark Wyatt BURCH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01131-COA.
Court of Appeals of Mississippi.
May 16, 2006.
*395 Hark Wyatt Burch, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Hark Wyatt Burch appeals from the summary dismissal of his motion for post-conviction relief (PCR) by the Circuit Court of Pearl River County. Burch, proceeding pro se, argues that (1) his right to a speedy trial was violated; (2) the indictment was defective; and (3) he failed to receive credit for time served. Burch contends that the trial court erred by dismissing his PCR without an evidentiary hearing at which these issues would have been further developed. We find no error and affirm.

FACTS
¶ 2. Burch's PCR with attached documentation indicates that, on September 23, 1998, Burch escaped from the Pearl River County jail, where he was being held on commercial burglary charges. He was apprehended by authorities in Greenville, South Carolina on October 4, 1998. On December 4, 1998, a Pearl River County grand jury handed down a three-count indictment charging Burch with felony escape, aggravated assault on a law officer, and armed robbery. The indictment charged that, in the course of his escape, *396 Burch had assaulted and robbed a deputy sheriff.
¶ 3. On October 4, 1998, Burch was apprehended in Greenville, South Carolina on a fugitive from justice warrant based on his Pearl River County charges. Burch was incarcerated in the Greenville County Detention Center as a fugitive from justice from October 4, 1998 until May 26, 1999. On May 26, 1999, he was transferred to the South Carolina Department of Corrections to begin serving a five year sentence for burglary imposed by a South Carolina court. On June 30, 2000, Burch was extradited to Orange County, Texas where he was incarcerated pending adjudication of a Texas burglary charge. On November 8, 2000, he was convicted and sentenced to five years in the custody of the Texas Department of Corrections to run concurrent with his South Carolina sentence. Burch remained incarcerated in Texas until being paroled on August 19, 2003, at which time he was transferred to the Walker County Jail in Texas. There he was incarcerated as a fugitive from justice from August 19, 2003 until August 28, 2003. On August 28, 2003, he was extradited to Mississippi to face his Pearl River County charges. Pearl River County had requested the placement of detainers on Burch during his periods of incarceration in South Carolina and Texas.
¶ 4. On June 1, 2004, the Circuit Court of Pearl River County accepted Burch's pleas of guilty to one count of aggravated assault on a law officer and three counts of commercial burglary. The court dismissed the felony escape and armed robbery counts upon the State's failure to prosecute those charges in exchange for the pleas. On June 24, 2004, the trial court entered separate judgments of conviction on each of the four counts. On May 24, 2005, Burch filed a PCR pertaining to his aggravated assault conviction and sentence of fifteen years in the custody of the Mississippi Department of Corrections, with five years to serve and ten years suspended pending successful completion of five years' post-release supervision.

STANDARD OF REVIEW
¶ 5. The trial court may summarily dismiss a PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2000). We will affirm the lower court's summary dismissal of a PCR if, after reviewing the PCR de novo, we conclude that the petitioner has failed to "demonstrate `a claim procedurally alive substantial[ly] showing denial of a state or federal right....'" Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss. 1991)).

LAW AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING PETITION, WHERE APPELLANT'S GUILTY PLEA WAS ACCEPTED IN VIOLATION OF HIS RIGHT UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE SIX, SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890.
¶ 6. Burch argues that the approximate five and one-half year delay between his indictment on October 4, 1998 and his conviction on June 1, 2004 violated his state and federal constitutional rights to a speedy trial. The State posits that Burch's guilty plea waived his right to a speedy trial. Indeed, "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to *397 trial," including the constitutional right to a speedy trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991).
¶ 7. While Burch does not contend that his guilty plea was involuntarily entered and, therefore, invalid, he does aver that, at his plea hearing, he was unaware of his right to a speedy trial. The transcript of Burch's plea hearing reveals that the trial court informed Burch that he had a right to a speedy trial that would be waived if he pled guilty. The court asked if Burch understood, and Burch responded, "Yes, sir." By entering a valid guilty plea, Burch waived his right to complain of a speedy trial violation. Id.

II. APPELLANT CONTENDS THAT THE INDICTMENT IN WHICH HE ENTERED A GUILTY PLEA WAS FATALLY DEFECTIVE IN VIOLATION OF ARTICLE SIX, SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890.
¶ 8. Next, Burch argues that his indictment was fatally defective for failure to properly charge him with the offense of aggravated assault on a law officer. The defect alleged by Burch was the failure to conclude the aggravated assault charge with the words, "against the peace and dignity of the State of Mississippi" A perusal of the indictment indicates that the words, "against the peace and dignity of the State of Mississippi" appear in two places, at the conclusion of the felony escape charge and at the conclusion of the indictment itself.
¶ 9. Burch did not object to his indictment at the plea hearing and the State contends that Burch's guilty plea operated as a waiver of his right to complain of a defective indictment. Our supreme court has held that all technical and non-jurisdictional defects in an indictment are waived by the entry of a valid guilty plea. Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990). We have held that an indictment's failure to conclude with the words, "against the peace and dignity of the State of Mississippi" as required by Section 169 of the Mississippi Constitution of 1890 is a defect waived by a guilty plea. Ramage v. State, 914 So.2d 274, 278(¶ 10) (Miss.Ct.App. 2005). Therefore, Burch's guilty plea waived this issue. Notwithstanding the waiver, we note that Burch's indictment in fact concluded with the requisite language.

III. WHETHER THE APPELLANT WAS ENTITLED TO CREDIT TOWARD HIS SENTENCE FROM OCTOBER 4, 1998 TO AUGUST 28, 2003.
¶ 10. Finally, Burch argues that the trial court erred by failing to afford him credit toward his aggravated assault sentence for the time he served in South Carolina and Texas. The judgment of conviction and sentence reveals that, in fact, the trial court ordered that Burch be given credit for time served. While Burch recognizes that the trial court ordered that he be credited for time served, he argues that he has not been given the requisite credit. In Burch's statement of facts within his personal knowledge, he states that he has been credited for only one-third of the five and a half years that he was incarcerated after his arrest in South Carolina on October 4, 1998. Burch requests that this Court enter an order correcting his sentence to allow him to receive full credit.
¶ 11. This Court has recently addressed a prisoner's post-conviction relief argument that he was not given credit toward his sentence for time served. Gable v. State, 919 So.2d 1075, 1077 (¶¶ 6-8) (Miss.Ct.App.2005). We reiterated our prior holding that, "a post-conviction relief pleading is not the proper means to calculate and receive credit for ... time served." Id. (quoting Murphy v. State, 800 So.2d 525, 527-28(¶ 10) (Miss.Ct.App. *398 2001)). Rather, a prisoner aggrieved by the calculation of credit for time served should send a request to the proper authorities within the Mississippi Department of Corrections administrative system. Id. If the prisoner is denied the proper credit for time served, he may then resort to the courts for redress. Id. Therefore, Burch should notify the Mississippi Department of Corrections of any miscalculation of time served which he perceives has occurred. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.