930 So.2d 452 (2006)
Larry Joe MELTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01127-COA.
Court of Appeals of Mississippi.
May 23, 2006.
*453 Larry Joe Melton, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. On April 29, 2003, the Circuit Court of Calhoun County accepted Larry Joe Melton's guilty plea to one count of aggravated domestic violence and sentenced Melton to fifteen years in the custody of the Mississippi Department of Corrections. The court sentenced Melton to time served, suspended the remainder of the fifteen year period, and placed Melton on five years' post-release supervision. On July 12, 2004, Melton violated the terms of his post-release supervision. Subsequently, the court revoked a portion of his suspended sentence and ordered him to serve *454 ten years of his original term with five years to remain suspended.
¶ 2. On March 31, 2005, Melton filed a motion for post-conviction relief (PCR), which was dismissed as time-barred. Melton filed a pro se appeal. He argues (1) that his PCR was not time-barred and, therefore, the court erred by failing to address the PCR on the merits; (2) that his indictment was defective because the victim's name was inaccurate; and (3) that, when his probation was revoked, the circuit court failed to give him credit for time served. Melton requests that this Court reverse and remand this case for an evidentiary hearing.
¶ 3. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 4. The trial court may summarily dismiss a PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2000). We will affirm the lower court's summary dismissal of a PCR if, after reviewing the PCR de novo, we conclude that the petitioner has failed to "demonstrate `a claim procedurally alive "substantial[ly] showing denial of a state or federal right...."'" Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).

LAW AND ANALYSIS

I. DID MELTON TIMELY FILE HIS NOTICE OF APPEAL?
¶ 5. As a threshold matter, we address this Court's jurisdiction over this appeal. The circuit court dismissed Melton's PCR on April 28, 2005. Melton's notice of appeal, dated May 10, 2005, was not received and filed by the clerk of the Circuit Court of Calhoun County until June 7, 2005. The State argues that this Court lacks jurisdiction to review this appeal because Melton's notice of appeal was filed outside the thirty-day window provided by Mississippi Rule of Appellate Procedure 4(a).
¶ 6. Rule 4(a) states that the notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Rule 2(a) provides for our mandatory dismissal of an appeal if the notice of appeal was not timely filed in accordance with Rule 4. Melton addresses the timeliness of his notice of appeal in his reply brief. He contends that he complied with Rule 4(a) to the best of his ability and that his appeal was not timely filed due to the vagaries of the prison mailing system. Melton requests that this Court apply the prison mailbox rule to this appeal.
¶ 7. Under the prison mailbox rule, a prisoner's motion for post-conviction relief is delivered for filing on the date that the prisoner submitted the papers to prison authorities for mailing. Sykes v. State, 757 So.2d 997, 1000-1(¶ 14) (Miss. 2000). The prison mailbox rule applies to appeals from the denial of post-conviction relief. Gaston v. State, 817 So.2d 613, 616(¶ 8) (Miss.Ct.App.2002). Therefore, a prisoner's delivery of a notice of appeal to prison authorities for mailing within thirty days after the entry of the judgment or order appealed from effects a timely filing under Rule 4(a). Competent proof of the date of mailing may consist of a prison mail log or other means of record keeping which prison authorities find expeditious, however, "an inmate's certificate of service will not suffice as proof." Sykes, 757 So.2d at 1001(¶ 14).
¶ 8. In the instant case, there is no proof of the date on which Melton delivered *455 the notice of appeal to prison authorities for mailing. However, the State bears the burden of proof on the issue of timeliness because the State is the party moving for dismissal of this appeal. Gaston, 817 So.2d at 616(¶ 6). The State provided no evidence of the sort contemplated by Sykes to show that Melton failed to deliver his notice of appeal to prison authorities for mailing within the thirty days provided by Rule 4(a). See id. Melton's notice of appeal was filed eight days after the expiration of the thirty day period, and it is conceivable that he delivered it to the prison authorities for mailing within the thirty day period. Therefore, in absence of proof to the contrary, we hold that Melton timely perfected this appeal. See id.

II. DID THE TRIAL COURT ERR IN DISMISSING MELTON'S PCR AS TIME-BARRED?
¶ 9. The trial court dismissed Melton's PCR as time-barred. Mississippi Code Annotated section 99-39-5(2) (Supp. 2005) provides that, for a guilty plea, a motion for post-conviction relief must be made within three years after the entry of the judgment of conviction. Melton's judgment of conviction was entered on April 29, 2003. He filed his PCR on March 31, 2005. Melton filed his PCR approximately two years after the entry of the judgment of conviction and, therefore, it was timely. Melton's PCR was not barred by the three-year statute of limitations and the trial court erred by dismissing the PCR as such.
¶ 10. Concluding that Melton's PCR was not subject to the time bar, we examine the merits of his claims. "On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). From our review of Melton's appellate issues, we find that the trial court correctly dismissed Melton's PCR without an evidentiary hearing because the PCR plainly did not entitle Melton to any relief.

III. WAS MELTON'S INDICTMENT DEFECTIVE FOR FAILURE TO CORRECTLY NAME THE VICTIM?
¶ 11. Melton's indictment charged him with committing aggravated domestic assault on his father. Melton argues that the indictment was fatally defective because his father's name was inaccurate. Melton points out that the indictment named his father in two places, first identifying him as Larry Melton, Jr. and then identifying him as Ricky Melton. Melton contends that both these names were inaccurate; his father's name is Larry Melton.
¶ 12. A valid guilty plea waives all technical and non-jurisdictional defects in an indictment. Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990). We have previously held that the indictment's failure to correctly name the victim is a technical and non-jurisdictional defect waived by the defendant's guilty plea. Ivy v. State, 792 So.2d 319, 321(¶ 5) (Miss.Ct.App.2001). This issue is without merit.

IV. WHEN MELTON'S PROBATION WAS REVOKED, WAS HE DEPRIVED OF CREDIT FOR TIME SERVED?
¶ 13. Melton's original judgment of sentence granted him credit for time served. Melton argues that, when his suspended sentence and post-release supervision were revoked, the trial court ordered him to serve ten full years without giving him credit toward the time he had served awaiting the plea hearing. Our review of the relevant documentation indicates that the trial court entered two orders pertinent *456 to the revocation. On July 28, 2004, the court entered an order revoking Melton's post-release supervision. On August 10, 2004, the court entered a "Judgement of Sentence Post-Release Supervision" that re-imposed Melton's fifteen year sentence, with ten years to serve and five years suspended on post-release supervision. This order expressly recognized that Melton's sentence included credit for time served.
¶ 14. This Court has held that "a post-conviction relief pleading is not the proper means to calculate and receive credit for ... time served." Gable v. State, 919 So.2d 1075, 1077 (¶¶ 6-8) (Miss. Ct.App.2005) (quoting Murphy v. State, 800 So.2d 525, 527-28(¶ 10) (Miss.Ct.App. 2001)). If Melton is aggrieved by the calculation of credit for time served, he should send a request to the proper authorities within the Mississippi Department of Corrections administrative system. Id. If Melton is denied credit for time served, he may then seek redress from the courts. Id. This issue is not a proper subject for a motion for post-conviction relief. Id.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.