MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Anthony Craig McDonald, pro se, appeals the George County Circuit Court’s denial of his petition for post-conviction relief. McDonald also argues that he has been improperly denied credit for time served. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 ¶ 2. On April 23, 2007, McDonald pled guilty to grand larceny and burglary. The trial court sentenced McDonald on the grand larceny charge to a term of ten years’ imprisonment in the custody of the Mississippi Department of Corrections (MDOC) with credit for time served. For the burglary charge, the trial court sentenced McDonald to a term of seven years in the custody of the MDOC with credit for time served. The sentences were ordered to run concurrently. The trial court suspended both sentences provided McDonald comply with certain conditions during a five-year period of post-release supervision. Among the conditions of his post-conviction release, he was prohibited from committing further criminal offenses, and he was directed to avoid injurious or vicious habits.
 

 ¶ 3. On June 1, 2007, McDonald was charged with two counts of burglary. McDonald also refused to take a drug test. On June 14, 2007, his post-conviction release was revoked, and his original sentence of ten years’ imprisonment was reinstated. In March 2008, McDonald filed a petition for post-conviction relief entitled “Petition to Clarify Sentence,” which was denied by the trial court. Thereafter, he timely filed his notice of appeal.
 

 STANDARD OF REVIEW
 

 114. “[T]his Court reviews a denial of a petition for post-conviction relief under an abuse of discretion standard.”
 
 Brown v. State,
 
 872 So.2d 96, 98(¶ 8) (Miss.Ct.App.2004) (quoting
 
 Mitchell v. State,
 
 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999)). We will not overturn a lower court’s denial of post-conviction relief unless its factual findings are clearly erroneous.
 
 McClinton v. State,
 
 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001). However, if questions of law are raised on appeal, our standard of review is de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 5. “[W]here there is a revocation of a suspended sentence or a revocation of probation, courts ... should adhere to the rule that an original sentence may be reinstated, but may not be increased to the risk of the defendant.”
 
 Ethridge v. State,
 
 800 So.2d 1221, 1226(¶ 17) (Miss.Ct.App.2001). Trial courts retain the power to revoke a suspended sentence and impose the original terms.
 
 Johnson v. State,
 
 925 So.2d 86, 93(¶ 12) (Miss.2006) (quoting
 
 Carter v. State,
 
 754 So.2d 1207, 1210-11 (Miss.2000) (Mills, J., dissenting)). Thus,
 
 *85
 
 we find the trial court did not err by reinstating McDonald’s original sentence of ten years’ imprisonment.
 

 ¶ 6. While we agree McDonald should receive credit for the time he served prior to the revocation of his supervised release, “a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial ... time served.”
 
 Murphy v. State,
 
 800 So.2d 525, 527(¶ 10) (Miss.Ct.App.2001);
 
 see
 
 Miss.Code Ann. § 99-19-23 (Rev.2007). McDonald “should send such requests to the proper authorities within the Mississippi Department of Corrections!’] administrative system. If he is denied the proper relief, or credit for time served, by the administrative system, he should then turn to the courts to seek remedy.”
 
 Murphy,
 
 800 So.2d at 527-28 (¶ 10). Nevertheless, we note the record from the MDOC provided by McDonald shows he has received credit for time served prior to the period of post-release supervision.
 

 ¶ 7. For the reasons stated herein, the trial court’s denial of McDonald’s petition for post-conviction relief is affirmed.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.