# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01094-COA

CHRISTOPHER A. DARDEN A/K/A                            APPELLANT
CHRISTOPHER ANTHONY DARDEN A/K/A
CHRISTOPHER DARDEN A/K/A CHRIS
DARDEN

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2016 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER A. DARDEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

### ISHEE, J., FOR THE COURT:

¶1. In 2006, Christopher Darden was found guilty of robbery by displaying a deadly weapon. He was sentenced to a twelve-year term, with seven years to serve, and five years of postrelease supervision (PRS). In 2015, the circuit court found that Darden had violated four conditions of his PRS. And so, the circuit court revoked his PRS and ordered that he serve the remainder of his sentence in the custody of the Mississippi Department of Corrections (MDOC). Darden then challenged this revocation—filing a motion to clarify the revocation of his PRS. The circuit court denied Darden's motion. Darden now appeals.

Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2006, Darden was found guilty of robbery by displaying a deadly weapon. He was sentenced to a twelve-year term, with seven years to serve, and five years of PRS.

¶3.     In 2015, the circuit court found that Darden had violated four conditions of his PRS. The circuit court then revoked Darden's PRS and ordered that he serve the remainder of his sentence in the custody of the MDOC. Darden then filed a motion to clarify the revocation of his PRS. In the motion, Darden made three claims. First, Darden claimed that he had served two years of the five years of PRS, and so, instead of serving five years, he should have been given credit for the two years he served on PRS—leaving the remainder of his sentence as three years, not five. Darden refers to this time as "street time." Second, Darden asserted that instead of revoking the remainder of his sentence, the circuit court should have sent him to a technical-violation center for a maximum of ninety days. And third, Darden claimed that he was entitled to have the MDOC set a parole-eligibility date—and that the MDOC had failed to give him such a date.

¶4.     In July 2016, the circuit court entered an order denying Darden's motion. In denying the motion, the circuit court addressed each of Darden's assertions. First, the circuit court found that Darden's "street time" claim was a matter that should have been addressed to MDOC authorities in the form of an administrative request. Second, as to Darden's claim that he should have been sent to a technical-violation center, the circuit court found that because Darden had committed three technical violations, it had the discretion to impose the

2

balance of the original sentence. And third, as to parole eligibility, the circuit court found that because Darden was serving time for armed robbery, he was not eligible for parole. Darden now appeals to this Court.

## DISCUSSION

**I.     The circuit court did not err in finding that Darden was required to first seek an administrative remedy to determine if he was entitled to two years' credit for the time he was on PRS.**

¶5.     Darden's first assertion is that the MDOC failed to give him credit for the two years he served on PRS. Under Mississippi law, an inmate must first seek administrative relief when seeking resolution of the amount of time served. *Murphy v. State*, 800 So. 2d 525, 527 (¶10) (Miss. Ct. App. 2001). Indeed, this Court has held that "a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial . . . time served." *Id.*

¶6.     After reviewing the record, there is nothing to suggest that Darden had exhausted his administrative remedy with the MDOC as to the calculation of the amount of time served. And so, we find the circuit court did not err in finding that Darden was required to first seek administrative relief through the MDOC.

¶7.     Even if Darden had exhausted his administrative remedies, we would find that Darden's underlying claim itself is without merit. This Court has held that a defendant is not entitled to credit for time spent on PRS. *Fluker v. State*, 2 So. 3d 717, 720 (¶12) (Miss. Ct. App. 2008). This issue is without merit.

**II.     The circuit court did not err in revoking the remainder of Darden's sentence instead of sending him to a technical-violation center.**

3

¶8. Darden next claims that the circuit court erred in revoking the remainder of his sentence instead of sending him to a technical-violation center for a maximum of ninety days. Mississippi law provides:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence.

Miss. Code Ann. § 47-7-37(5)(b) (Rev. 2015).

¶9. Here, the record shows that Darden violated the conditions of his PRS numerous times. In fact, Darden violated four separate conditions, and violated one of the conditions multiple times. And so, the circuit court had the jurisdiction and the discretion to revoke all of Darden's sentence. This issue is without merit.

### III. The circuit court did not err in finding that Darden was ineligible for parole.

¶10. Finally, Darden argues that the circuit court erred in finding that he was ineligible for parole due to the fact that he was convicted of armed robbery. We disagree. Mississippi law provides that "[n]o person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking as provided in Section 97-3-115 *et seq.*, through the display of a firearm[.]" Miss. Code Ann. § 47-7-3(c)(ii) (Rev. 2015).

¶11. Here, the record clearly shows that Darden was convicted of robbery by the display of a firearm. And so, Darden is ineligible for parole. This issue is without merit.

4

¶12.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.  BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**