## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01454-COA

RAYMOND SCOTT ALEXANDER A/K/A               APPELLANT
RAYMOND S. ALEXANDER A/K/A RAYMOND
ALEXANDER

v.

STATE OF MISSISSIPPI                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/12/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RAYMOND SCOTT ALEXANDER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Raymond Scott Alexander, appearing pro se, appeals the Rankin County Circuit Court's dismissal of his motion for postconviction relief (PCR). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. In July 2003, Alexander was indicted on one count of possession of a controlled substance (methamphetamine) by a Rankin County grand jury. Alexander pleaded guilty to the charge in 2004, and was placed in the nonadjudication program to serve a term of five years of supervised probation under the supervision of the Mississippi Department of Corrections (MDOC). Alexander was informed that if he did not comply with the any of the

conditions of the nonadjudication program, he would be sentenced to eight years in the custody of MDOC, with one year suspended and five years of supervised probation.

¶3.    Later in 2004, the State moved to impose Alexander's sentence for violating the terms of the nonadjudication program. Alexander had failed to pay court costs and admitted to molesting a nine-year-old girl. As a result, Alexander was sentenced to eight years in the custody of the MDOC, with one year suspended and five years of supervised probation.

¶4.    In 2005, Alexander was indicted in the Circuit Court of Rankin County on one count of gratification of lust and two counts of sexual battery. Alexander entered a guilty plea to one count of sexual gratification and one count of sexual battery. Alexander was sentenced to twelve years in the custody of the MDOC for gratification of lust and thirty years in the custody of the MDOC for sexual battery, with twelve years to serve, eighteen years suspended, and five years of postrelease supervision. The gratification-of-lust and sexual-battery sentences were ordered to run concurrently; however, they were ordered to run consecutively to Alexander's eight-year sentence for possession of a controlled substance.

¶5.    In June 2016, Alexander filed a "petition for immediate release on probation and in the alternative immediate release on parole." The circuit court treated the filing as a PCR motion and denied it. The circuit court found that the motion was time-barred and without merit. In July 2016, Alexander filed a similarly titled petition in the Mississippi Supreme Court. Because there had been no direct appeal of Alexander's convictions and sentences, the supreme court dismissed Alexander's petition without prejudice, and found that it could be brought in the circuit court as a PCR motion.

¶6. In September 2016, Alexander filed his second PCR motion. The circuit court dismissed his motion, stating it was time-barred, successive, and without merit. Alexander appeals.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014) (citation omitted).

## DISCUSSION

¶8. The circuit court held that Alexander's PCR motion was time-barred, successive, and without merit. We agree.

¶9. "A PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction." *Kennedy v. State*, 179 So. 3d 82, 83 (¶6) (Miss. Ct. App. 2015); *see also* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Following Alexander's violation of the terms of his nonadjudication program, his sentence of eight years, with one year suspended, for possession of a controlled substance was imposed in 2004. Next, Alexander pleaded guilty to the charges of gratification-of-lust and sexual battery in 2005 and received concurrent sentences for these charges. However, Alexander did not file a PCR motion until 2016. Therefore, Alexander's motion is time-barred.

¶10. Additionally, Alexander's PCR motion is successive-writ barred. "Under the [Uniform Postconviction Collateral Relief Act], any order denying or dismissing a PCR

3

motion is a bar to a second or successive PCR motion." *Stokes v. State*, 199 So. 3d 745, 749 (¶9) (Miss. Ct. App. 2016) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2015)). The circuit court dismissed Alexander's first PCR motion filed in June 2016, citing lack of merit and the procedural time-bar. In the order dismissing Alexander's second PCR motion, the circuit court found that "it . . . plainly appear[ed] from the face of the petition that [Alexander] was not entitled to any relief." *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). We find the Court properly dismissed Alexander's successive motion.

¶11. However, Alexander asserts that his second PCR motion is exempt from the procedural bars, because he was issued an illegal sentence. In Mississippi, "only four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims." *Kennedy*, 179 So. 3d at 83-84 (¶8) (citing *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014)). However, this Court has previously held that "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes*, 199 So. 3d at 749 (¶10). But as explained below, Alexander did not receive an illegal sentence. Thus, his PCR motion is procedurally barred.

### I.      Illegal Sentence

¶12. Alexander asserts that he received an illegal sentence for his possession-of-a-controlled-substance charge. However, we disagree with his assertion. Alexander was sentenced to eight years, with one year suspended, for possession of a controlled substance pursuant to Mississippi Code Annotated section 41-29-139(c)(1)(B) (Rev. 2001). That code

section, revised in 2014, now states in part:

> A person shall be charged and sentenced as follows for a violation of this subsection with respect to:
>
> (1) A controlled substance classified in Schedule I or II, except marijuana and synthetic cannabinoids:
>
> > . . . .
>
> > (B) If one-tenth (0.1) gram or more or two (2) or more dosage units, but less than two (2) grams or ten (10) dosage units, by imprisonment for **not more than three (3) years** or a fine of not more than Fifty Thousand Dollars ($50,000.00), or both.

(Emphasis added).

¶13. However, Alexander was sentenced to possession of a controlled substance in 2004. This court has recently held that "when a person is sentenced prior to a statute's amendment, the penalty of the statute as it existed at the time of sentencing applies." *Barnett-Phillips v. State*, 195 So. 3d 226, 229 (¶8) (Miss. Ct. App. 2016).

¶14. In 2004, Mississippi Code Annotated section 41-29-139(c)(1)(B) read in part:

> (B) One-tenth (0.1) gram but less than two (2) grams or two (2) dosage units but less than ten (10) dosage units, by imprisonment for **not less than two (2) years nor more than eight (8) years** and a fine of not more than Fifty Thousand Dollars ($50,000.00).

1999 Miss. Laws ch. 341, §1 (S.B. 2915) (emphasis added).

¶15. Alexander further asserts that his sentence is illegal because he was sentenced as a habitual offender. The record does not support Alexander's assertion. Therefore, this issue is without merit.

¶16. Further, Alexander argues that his sentence is illegal because he was sentenced above

5

the maximum, and no other judge within the same county would have sentenced him to that same amount of time. However, "sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Alexander v. State*, 979 So. 2d 716, 718 (¶4) (Miss. Ct. App. 2007) (citations omitted). "The general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal." *Id*.

¶17. Alexander was sentenced to eight years, with one year suspended, for possession of a controlled substance. This sentence did not exceed the maximum term allowed by statute. Accordingly, this issue is without merit.

## II. Early Release/Parole or Earned-Time Allowance

### A. Earned Time

¶18. Notwithstanding the procedural bar for this claim, Alexander asserts that he is eligible for an earned-time allowance. However, this argument lacks merit. "Mississippi Code Annotated section 47-5-139(1)(d) (Supp. 2008 & Rev. 2015) provides that an inmate shall not be eligible for the earned time allowance if . . . the inmate was convicted of a sex crime." *Brown v. State*, 187 So. 3d 667, 671 (¶10) (Miss. Ct. App. 2016).

¶19. Alexander is not eligible for an earned-time allowance, because he was convicted of gratification of lust and sexual battery. Further, Alexander has completed serving his eight-year sentence for the possession charge and has started serving time for the two sex crimes. Therefore, this issue is meritless.

### B. Time Served

6

¶20. Alexander also argues that he was not given credit for time served for his charge of possession of a controlled substance. Alexander is correct that, if warranted, he should have received credit for any pretrial time he served prior to pleading guilty to possession of a controlled substance. It appears from the record that Alexander received credit for time served. However, if there was any merit to Alexander's claim, he did not request proper relief regarding credit for time served from the MDOC administrative system. This Court has previously held that "a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial . . . time served." *McDonald v. State*, 16 So. 3d 83, 85 (¶6) (Miss. Ct. App. 2009). Therefore, this issue is without merit.

¶21. Additionally, Alexander was sentenced for possession of a controlled substance to eight years, with one year suspended, in 2004. Alexander has serve his sentence for the possession charge; therefore, he is currently serving his time for the gratification-of-lust and sexual-battery charges from 2005. Therefore, Alexander lacks standing to bring the issue in his PCR motion, because he is no longer "serving time under the sentence he complains of." *Wilson v. State*, 76 So. 3d 733, 735 (¶11) (Miss. Ct. App. 2011) (citations omitted).

¶22. Accordingly, we find that Alexander fails to meet his burden of showing that any statutory exception or fundamental-right exception applies to his claims. Therefore, we find that the circuit court did not err in denying his PCR motion.

¶23. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**