# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00826-COA

**SAMUEL EARL EASTERLING, II**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2018 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HERBERT H. KLEIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/07/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.    In April 2017, Samuel Earl Easterling pled guilty and was sentenced on three counts of selling methamphetamine.  The circuit court sentenced Easterling to serve consecutive terms of ten years, ten years, and thirty years with twenty-five years suspended, all in the custody of the Mississippi Department of Corrections (MDOC).  In January 2018, Easterling filed a motion for post-conviction relief (PCR).  Easterling alleges that MDOC failed to credit him for 311 days served prior to his plea and sentencing.  *See* Miss. Code Ann. § 99-19-23 (Rev. 2015).  He also alleges that MDOC failed to grant him thirty days credit for every thirty days served from September 1, 2016, to June 8, 2017.  We assume that this is a

reference to trusty earned time under Mississippi Code Annotated section 47-5-138.1 (Rev. 2015). Easterling's PCR motion includes a conclusory allegation that he "has exhausted his administrative appeals within the MDOC, Administrative Remedy Program [(ARP)] and his appeal to obtain credit for time served was denied." However, Easterling failed to attach any ARP decision or any other evidence to support this allegation.

¶2. The circuit court dismissed Easterling's PCR motion pursuant to Mississippi Code Annotated subsection 99-39-9(2) (Rev. 2015), which provides: "A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." The circuit court found that Easterling's PCR motion improperly sought to attack three different sentences. Easterling appealed.

¶3. The circuit court erred by dismissing Easterling's PCR motion based on subsection 99-39-9(2). In *Ashwell v. State*, 226 So. 3d 69, 71-72 (¶¶6-9) (Miss. 2017), the Supreme Court held that subsection 99-39-9(2) was an unconstitutional procedural rule.

¶4. However, we can affirm the circuit court on other grounds. *See Carey v. State*, No. 2018-CP-00303-COA, 2019 WL 192330, at *1 n.2 (Miss. Ct. App. Jan. 15, 2019) (holding that we may affirm the dismissal of a PCR motion even if the circuit court dismissed the motion for the wrong reason). As this Court has held on a number of occasions, a PCR motion is not a proper vehicle for challenging MDOC's denial of credit for time served:

> This Court has held that "a post-conviction relief pleading is not the proper means to calculate and receive credit for . . . time served." *Gable v. State*, 919 So. 2d 1075, 1077 (¶¶6-8) (Miss. Ct. App. 2005) (quoting *Murphy v. State*, 800 So. 2d 525, 527-28 (¶10) (Miss. Ct. App. 2001)). If [an inmate] is aggrieved

2

> by the calculation of credit for time served, he should send a request to the proper authorities within [MDOC's] administrative system. *Id.* If [he] is denied credit for time served, he may then seek redress from the courts. *Id.* This issue is not a proper subject for a motion for post-conviction relief. *Id.*

*Melton v. State*, 930 So. 2d 452, 456 (¶14) (Miss. Ct. App. 2006).[1] An inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review—not by filing a freestanding PCR motion. *Stokes v. State*, 984 So. 2d 1089, 1090-91 (¶7) (Miss. Ct. App. 2008). Likewise, "a challenge to MDOC's earned-time calculation is cognizable under the [ARP]," followed by judicial review of the final ARP decision. *Putnam v. Epps*, 63 So. 3d 547, 550 (¶7) (Miss. 2011); *see generally* Miss. Code Ann. §§ 47-5-801 to -807 (Rev. 2015). A challenge to such a calculation by MDOC cannot be asserted in a PCR motion. *Putnam*, 63 So. 3d at 550 (¶7).

¶5. Because a PCR motion is not a proper vehicle for Easterling to challenge MDOC's calculations, the circuit court correctly dismissed his PCR motion, albeit for the wrong reason.[2] Therefore, the judgment of the circuit court is **AFFIRMED**.

---

[1] *Accord, e.g.*, *Alexander v. State*, 228 So. 3d 338, 342 (¶20) (Miss. Ct. App. 2017); *Wheater v. State*, 159 So. 3d 615, 620 (¶17) (Miss. Ct. App. 2015); *Phillips v. State*, 25 So. 3d 404, 408 (¶13) (Miss. Ct. App. 2010).

[2] We note that a petition for judicial review of a final ARP decision generally should be filed in the county in which the inmate is housed, not the county of his conviction. *See Al-Khidhr v. King*, No. 2017-CP-00269-COA, 2018 WL 5262622, at *2 (¶9) (Miss. Ct. App. Oct. 23, 2018) (citing *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017)). Easterling filed his PCR motion in the county of his conviction. If he had filed a petition for judicial review of an ARP decision, the case could have been transferred to the proper venue. *See Roberts*, 218 So. 2d at 590-91 (¶¶8-10). However, Easterling clearly filed a PCR motion, and he failed to provide the circuit court with any final ARP decision to review. Therefore, Easterling's PCR motion was properly dismissed. However, nothing in our decision prohibits Easterling from pursuing any administrative remedy or right to judicial review that remains available to him.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**