ISHEE, J.,
for the Court.
¶ 1. Luke Buckley was convicted in the Circuit Court of Pike County for the crime of aggravated assault. He was subsequently sentenced to serve a sentence of *76 twenty years in the custody of the Mississippi Department of Corrections. Subsequent motions for post-conviction relief were denied. Feeling aggrieved of the judgments against him, Buckley appealed. Finding no error, we affirm.
FACTS
¶ 2. On December 2, 1996, Buckley was convicted of the crime of aggravated assault. Buckley’s motion for a new trial was denied by Circuit Judge Mike Smith. Buckley’s appointed counsel, David H. Strong Jr., was allowed to withdraw as counsel on January 13, 1997. On November 9, 1999, almost three years after his conviction, Buckley, with the help of the Inmate Legal Assistance Program, submitted a motion for out-of-time appeal. On October 21, 2000, the motion was denied by Judge Smith. On October 7, 2003, with the help of another inmate, Buckley filed a second post-conviction petition seeking an out-of-time appeal which was denied as both a successive motion and as time-barred. Aggrieved by these decisions, Buckley asserts the following errors on appeal: (1) whether Buckley’s claims should be procedurally barred because he is illiterate and indigent; and (2) whether Buckley should be entitled to an out-of-time appeal.
ISSUES AND ANALYSIS
I. Whether Buckley should be procedurally barred because the petitioner is illiterate and indigent
¶ 3. Buckley alleges on appeal that he is functionally illiterate and functions on a third grade level. Buckley argues that he was denied his rights to due process, access to the courts, and equal protection when his attorney was allowed to withdraw from his case before perfecting an appeal. He further alleges that the trial court erred in failing to provide him with a new attorney to perfect his appeal. Buckley claims that “with the exception of representation of counsel at trial, the State of Mississippi has woefully failed in its moral and legal obligations to Buckley as an uneducated, illiterate, and unknowledgeable black man.”
¶ 4. This Court reviews questions of law de novo. Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999). We begin our discussion by noting the sad reality of our criminal justice system is that the Mississippi Department of Corrections currently incarcerates countless inmates of all races who are uneducated and illiterate. Buckley is not alone in his plight, and the courts of this state must take care to see that the rights of all prisoners, especially those most vulnerable to constitutional wrongs, are scrupulously protected. Buckley is correct in his reliance upon Jones v. State which states, “An accused is not only entitled to counsel at trial, but he is entitled to counsel on appeal from a conviction of merits.” Jones v. State, 355 So.2d 89 (Miss.1978). “If he is indigent and unable to afford an attorney, then he is entitled to a court-appointed attorney at trial and on appeal.” Id. at 89.
¶ 5. Buckley argues that his attorney was permitted to withdraw from his case, by oral motion of the court, without Buckley’s knowledge. That Buckley’s attorney was permitted to withdraw by oral motion is clear from the record. What is not clear from the record is that the withdrawal was without Buckley’s knowledge. Buckley is correct in asserting that a written motion to withdraw is usually required to be presented before the court. Triplett v. State, 579 So.2d 555, 558 (Miss.1991). In its order denying out-of-time appeal, the trial court specifically found that Buckley had fired his own counsel in open court. Buckley asserts that he did not fire *77 his attorney, but we will not substitute his assertion for the findings of the trial court. Therefore, although no written motion to withdraw was presented, an oral withdrawal motion was sufficient on the part of Buckley’s former attorney in light of the fact that Buckley fired him in open court, and does not constitute reversible error.
¶ 6. After terminating his court appointed counsel, it became incumbent upon Buckley to hire additional counsel for the purposes of appeal. Buckley argues that due to his illiteracy and lack of sophistication, the trial court was morally and legally obligated to discuss the perils of self-representation and to have appointed new counsel for Buckley. According to Buckley, the alleged failure of the trial court to appoint new counsel should serve as a waiver of any procedural time bars. We find this argument unavailing. Having accepted that Buckley did indeed fire his own counsel, it follows that Buckley illustrated the requisite intellect to observe, understand, and indeed be dissatisfied with his attorney’s performance at trial. In short, that Buckley was astute enough to fire his counsel illustrates that he had the requisite intelligence, or at least common sense, to know that he would need to hire new counsel. There is simply nothing in the record before this Court that indicates that the trial court failed in its duties as to Buckley in regard to his appeal. Having established that Buckley exhibited a basic level of understanding of the proceedings at trial, Buckley’s argument that he should be free of traditional procedural bars due to his ethnicity or his alleged illiteracy simply has no merit.
¶ 7. The time for direct appeal expired thirty days after his conviction according to Mississippi Rule of Appellate Procedure 4(a). Buckley’s instant petition for post-conviction appeal comes before this Court more than three years after his 1996 conviction. The trial court did not err in denying Buckley’s petition as successive and as time barred pursuant to Mississippi. Code Annotated. § 99-39-5(2) (Rev. 2000). The trial court’s dismissal of Buckley’s post-conviction review motion is affirmed.
II. Whether Buckley should be entitled to an out-of-time appeal
¶ 8. Buckley next asserts that he should be entitled to an out-of-time appeal. A defendant who desires an out-of-time appeal must show that the failure to timely perfect an appeal was through no fault of his own. Fair v. State, 571 So.2d 965, 967 (Miss.1990). We find that, for the previously discussed reasons, this issue is without merit.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIN AND BARNES, JJ., CONCUR.