981 So.2d 1056 (2008)
Dennis DUHART, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00177-COA.
Court of Appeals of Mississippi.
April 29, 2008.
*1057 Dennis Duhart, Appellant, pro se.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. On May 23, 2003, Dennis Duhart pled guilty to two counts of DUI maiming in the Circuit Court of Lee County. He was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with five years suspended. On May 3, 2006, Duhart mailed a petition for post-conviction relief to the Clerk of the Circuit Court of Lee County. That petition was dismissed by the circuit court as time-barred.
¶ 2. On appeal, Duhart argues that: (1) the State violated the specialty doctrine in its indictment and prosecution of him for DUI maiming; (2) the circuit court violated Mississippi Code Annotated section 47-7-33 in suspending part of his sentence; (3) his guilty plea was not knowingly, voluntarily, and intelligently made; (4) he received ineffective assistance of counsel at trial; and (5) the circuit court erroneously dismissed his petition for post-conviction collateral relief as time-barred. Although we find error in the circuit court's dismissal of Duhart's petition for post-conviction collateral relief as time-barred, we have reviewed the merits of the petition and affirm the circuit court's dismissal of the petition because the circuit court reached the proper result.

*1058 DISCUSSION
¶ 3. The Circuit Court of Lee County dismissed Duhart's petition as time-barred. Under Mississippi Code Annotated section 99-39-5(2) (Rev.2007), a petitioner must file a petition for post-conviction collateral relief within three years of his sentencing date. On May 23, 2003, Duhart pled guilty to DUI maiming and was sentenced.
¶ 4. On May 3, 2006, Duhart mailed his petition to the Circuit Clerk of Lee County. The circuit clerk did not stamp the petition "filed" until June 13, 2006. The circuit judge used the "filed" stamped date, June 13, 2006, as the date to determine whether the petition was time-barred for the purpose of section 99-39-5(2).
¶ 5. Under the "prison mailbox rule," in Mississippi, "a pro se prisoner's motion for post-conviction relief is delivered for filing . . . when the prisoner delivers the papers to prison authorities for mailing." Jewell v. State, 946 So.2d 810, 813(¶ 7) (Miss.Ct.App.2006) (quoting Sykes v. State, 757 So.2d 997, 1000-01(¶ 14) (Miss.2000)). Therefore, for the purposes of determining whether the petition was time-barred under section 99-39-5(2), the correct date to be used was the date the petition was mailed to the circuit clerk, which was May 3, 2006, not when the clerk marked it as filed on June 13, 2006.
¶ 6. Based on the "prison mailbox rule," Duhart's petition for post-conviction collateral relief was filed in a timely manner. Thus, we find that the circuit court was in error when it ruled that Duhart's petition for post-conviction relief was time-barred under section 99-39-5(2).
¶ 7. This finding does not automatically require this Court to reverse and remand the case to the circuit court. The State correctly argues that this Court may decide the merits of a petition for post-conviction collateral relief on appeal in order to foster judicial economy. In Melton v. State, 930 So.2d 452, 454-55 (¶¶ 2, 7-8) (Miss.Ct.App.2006), this Court found that a trial court erred because the petition was not barred due to the prison mailbox rule. However, the Court affirmed the trial court after considering the merits of Melton's petition. Id. at 455(¶ 10). The Court ruled, "[o]n appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." Id. (quoting Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)).
¶ 8. Certainly, there are circumstances where a remand is the proper procedure. For example, if the record does not contain enough information to support the dismissal of a petition for post-conviction collateral relief, the circuit court should hold an evidentiary hearing to supplement the record. Such is not the circumstance here. The record is sufficient for this Court to address the merits of Duhart's petition; therefore, we will address the substance of the petition before us.
¶ 9. Duhart first argues that the State violated the speciality doctrine in its indictment and prosecution of him for DUI maiming. The Eleventh Circuit Court of Appeals has defined the speciality doctrine as:
a principle of international law that stands for the proposition that "the requesting state, which secures the surrender of a person, can prosecute that person only for the offense for which he or she was surrendered by the requested state or else must allow that person an opportunity to leave the prosecuting state to which he or she had been surrendered."
United States v. Gallo-Chamorro, 48 F.3d 502, 504 (11th Cir.1995) (quoting United *1059 States v. Herbage, 850 F.2d 1463, 1465 (11th Cir.1988)). Since the legal authority stated for this principle deals with international extradition, there appears to be no authority for the application of the speciality doctrine among the states that make up the United States. Accordingly, we find no merit to this issue.
¶ 10. Duhart's second argument is that the circuit court violated Mississippi Code Annotated section 47-7-33 (Rev.2004) in suspending part of his sentence. Duhart claims that he is serving an illegal sentence because he was given a twenty-year sentence with five years suspended.
¶ 11. Duhart's argument is based on Mississippi Code Annotated section 47-7-33, which provides that "such court . . . shall have the power, after conviction or a plea of guilty, except . . . where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States . . . to suspend the imposition or execution of sentence, and place the defendant on probation. . . ." In essence, section 47-7-33 provides that a prior convicted felon is not eligible for a suspension of a portion of his sentence. This is not a new argument. The Mississippi Supreme Court put this argument to rest in Johnson v. State, 925 So.2d 86, 102-03 (¶¶ 31-32) (Miss.2006), when the court held:
Through the legislature's enactment of Section 47-7-34 and our holdings in Miller [v. State, 875 So.2d 194 (Miss. 2004)] and Sweat [v. State, 912 So.2d 458 (Miss.2005)], the sentencing discretion formerly accorded to our trial courts has been returned. No longer can prior convicted felons take advantage of the statutory windfall which temporarily existed in Section 47-7-33 that allowed for felons to characterize what in effect was a more lenient sentence, as being somehow an "illegal" sentence. [citation omitted]. Moreover, our appellate courts should recognize the intentions of our trial judges when they suspend a sentence and either impose probation under Section 47-7-33, or post-release supervision under Section 47-7-34. Thus, in reviewing the sentencing orders of our trial courts, we must be hereinafter cognizant of the fact that while the supervisory role of the MDOC is limited under both Sections 47-7-33 and -34, the supervisory role of our trial courts is not so limited.
For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend in whole or in part, a convicted felon's sentence under Miss.Code Ann. Section 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under Miss.Code Ann. Section 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts' sentencing practice. In this way, the appellate courts of this state should liberally read the Probation Act, as codified in 1956, along with the Post-Release Supervision Program, as codified in 1995, with an eye on the intentions of the trial courts, recognizing the trial courts' ability to monitor or supervise prior convicted felons beyond the five-year maximum period statutorily assigned to the MDOC.
Accordingly, we find no merit to this issue.
¶ 12. Duhart next argues that his guilty plea was not given knowingly, voluntarily, and intelligently because his attorney told him "if he [pled] guilty to D.U.I. maiming, his case will be overturned on appeal." A portion of Duhart's guilty plea is part of the record. The record of the plea colloquy with the circuit judge directly contradicts Duhart's argument on this issue.
*1060 ¶ 13. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999) (citing Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999)). A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 176-77 (Miss.1991). A plea is voluntary and intelligent only when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); Vittitoe v. State, 556 So.2d 1062, 1064 (Miss.1990). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. URCCC 8.04(A)(4)(c). "A showing that the plea of guilty was voluntarily and intelligently made must appear in the record." URCCC 8.04(A)(3).
¶ 14. During the hearing to accept his guilty plea, Duhart testified under oath that he was guilty. The circuit judge fully explained Duhart's rights to him, and Duhart waived those rights. Duhart said that no one had promised him anything or threatened him to get him to plead guilty. This sworn statement directly contradicts the argument Duhart makes in his petition. After reviewing the record, we find that Duhart's plea was properly accepted by the circuit court. The circuit court advised Duhart of his rights and the effect of his guilty plea. We find no merit to this issue.
¶ 15. Duhart's final argument was that his counsel was ineffective because he claims that his counsel promised him that if he pled guilty, he "would be released after his petition of habeas corpus [was] heard." Duhart supports this claim only with his argument in his brief. The supreme court has held that "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Such is the case here.
¶ 16. Even though we find that the circuit court erred in dismissing Duhart's claim as time-barred, we affirm the judgment of the circuit court, after considering the merits of Duhart's petition for post-conviction collateral relief, because the court reached the proper result.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
MYERS, P.J., CHANDLER, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. ISHEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY KING, C.J., LEE, P.J., AND IRVING, J.
ISHEE, J., concurring in part, dissenting in part.
¶ 18. I concur with the majority's opinion that Duhart's petition for post-conviction relief was not time-barred, based on the prison mailbox rule. However, I disagree with the majority's decision to utilize a "judicial economy" argument as a justification for failing to remand the case to the circuit court for a new hearing on the merits.
¶ 19. As the State notes in its brief, and as the majority uses as the basis for its opinion, "[i]t is the customary practice, in the name of judicial economy, for an appellate court to affirm the trial court if the right result is reached even though for the wrong reason." Towner v. State, 837 So.2d 221, 225(¶ 9) (Miss.Ct.App.2003) (citing *1061 Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)). Although this rule is generally applicable, I do not think this Court can avail itself of it in this case because the right result was not reached. Duhart's petition was dismissed as time-barred, not denied on the merits. Because the petition was summarily dismissed without a hearing on the merits, I believe this Court cannot legally reach the remaining issues raised in Duhart's appeal.
¶ 20. The majority is correct in its statement that, in the past, this Court has evaluated the underlying merits of an appeal from a wrongful dismissal of a petition for post-conviction relief and rendered a verdict on the merits, instead of the narrower issue of whether the motion for post-conviction relief was wrongfully dismissed in the first place. However, our Legislature has delineated a distinction between the terms "dismiss" and "deny" in our post-conviction-collateral-relief statute. See Miss.Code Ann. § § 99-39-11(2), -23(6) (Rev.2007).
¶ 21. Furthermore, the case cited by the majority to support addressing the merits of Duhart's petition, Melton v. State, uses the same "judicial economy" argument that I find fault with above. See Melton v. State, 930 So.2d 452, 455(¶ 10) (Miss.Ct.App.2006) (quoting Puckett, 633 So.2d at 980). Although I do not wish to engage in pointless and repetitive word-play, I do feel that it is important for this Court to respect the distinctions between the words "dismiss" and "deny" as set forth by our Legislature and as used as part of our legal vocabulary. It would be easy, and very likely completely harmless in this instance, to move forward, as the majority does, and reach the substantive legal issues in this case. However, when we begin to allow our definitions and usage of simple procedural terms such as "dismiss" and "deny" to blur, we entertain very real risks regarding overreaching our authority and, in the process, failing to serve the interests of justice.
¶ 22. Therefore, for the reasons stated above, I would reverse the decision of the circuit court and find that we cannot legally reach the substantive issues of Duhart's appeal without a remand to the circuit court in which the circuit court properly addresses the merits of Duhart's petition.
ISHEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., LEE, P.J., AND IRVING, J.