# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01248-COA

**MICHAEL BRIAN BALLE A/K/A MICHAEL B. BALLE A/K/A MICHAEL BALLE**                                                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/2015 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL BRIAN BALLE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 11/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    A jury convicted Michael Balle of capital murder, and the circuit court sentenced him to life without parole in 2002.  The facts of the crime are recounted in this Court's opinion affirming the conviction of Balle's co-defendant.  *Brink v. State*, 888 So. 2d 437, 441-42 (¶¶2-6) (Miss. Ct. App. 2004).[1]  Balle did not file a direct appeal.  Almost thirteen years later, he filed a "Habeas Corpus Motion to Correct Sentence, Vacate and/or Set Aside" in which he asserted that he is entitled to post-conviction relief (PCR) because his attorney failed to

---

[1] Balle and Brink were tried separately.

file an appeal and because (he says) he is innocent. The circuit court summarily dismissed Balle's PCR motion as time-barred. *See* Miss. Code Ann. §§ 99-39-5(2) (Rev. 2015) (If no direct appeal is filed following a criminal conviction, any PCR motion must be filed within three years after the time for taking an appeal has expired.) & 99-39-11(2) (Rev. 2015) (The circuit court may summarily dismiss a PCR motion if it plainly appears from the face of the motion that the movant is not entitled to any relief.).

¶2. We affirm the judgment of the circuit court. Balle's motion is clearly barred by the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Balle identifies no statutory exception to the statute of limitations, *see id.* § 99-39-5(2), nor does he show that his motion implicates any "fundamental constitutional rights." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."); *Means v. State*, 43 So. 3d 438, 442 (¶11) (Miss. 2010) ("[M]erely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." (brackets, quotation marks omitted)); *Sanders v. State*, 179 So. 3d 1190, 1192-93 (¶9) (Miss. Ct. App. 2015) (stating that the Mississippi Supreme Court has deemed the right to counsel "fundamental" in death penalty cases, but never in non-death penalty cases). A prisoner may seek an "out-of-time appeal" in a PCR motion, Miss. Code Ann. § 99-39-5(1)(i), but such a claim is still subject to the three-year statute of limitations. *See DeLoach v. State*, 890 So. 2d 934, 936 (¶7) (Miss. Ct. App. 2004). Balle identifies no reason why he should be granted

2

an out-of-time appeal when he first raised the issue almost *thirteen years* after the fact. *See id.*

¶3. Balle's brief on appeal raises various other issues related to his trial and pretrial proceedings. However, issues not raised in a PCR motion in the circuit court are procedurally barred on appeal. *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007). Accordingly, we do not address these additional issues, and we affirm the judgment of the circuit court dismissing Balle's PCR motion.

¶4. **THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR.**