# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00578-COA

**ANDRE CONNER A/K/A ANDRE DESHAUN CONNER A/K/A DESHAWN CONNER A/K/A ANDRE D. CONNER**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:            03/28/2016
TRIAL JUDGE:            CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:            HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:            ANDRE CONNER (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:            DENIED MOTION FOR POST-CONVICTION RELIEF
DISPOSITION:            AFFIRMED - 03/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    Andre Conner appeals from the denial of his motion for post-conviction relief.  He argues that the circuit court should have granted him an out-of-time appeal, nearly seven years after his time for filing a notice of appeal expired.  We affirm the circuit court's order denying Conner's motion.

## FACTS

¶2.    On August 25, 2004, a Harrison County jury found Conner guilty of murder.  On

August 27, 2004, the circuit court entered a final judgment of conviction and sentenced Conner to life imprisonment. Conner was represented at trial by privately retained counsel, and on August 31, 2004, his attorney filed a timely motion for a new trial. For reasons not disclosed by the record, more than four years passed without a ruling on the motion. On November 18, 2008, Eric Conner (Eric) filed a "petition for an out-of-time appeal" on Conner's behalf. Eric Conner apparently is Conner's brother, although nothing in the record on appeal identifies him as such. On March 26, 2009, the court entered an order denying Conner's motion for a new trial. The order specifically stated, "Pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure, Conner shall have thirty (30) days to file his notice of appeal." Conner did not file a notice of appeal.

¶3. Almost seven years later, on February 19, 2016, Conner filed a motion for post-conviction relief requesting leave to file an out-of-time appeal. Conner alleged that his trial counsel was ineffective because he failed to consult with Conner about an appeal. Conner also alleged that he is indigent and entitled to representation by the Indigent Appeals Division of the Office of the State Public Defender. On March 28, 2016, the circuit court denied Conner's motion. The court noted that there was no evidence that Conner asked his attorney to file an appeal or that his attorney had agreed to represent him on appeal. The court also concluded that Conner offered no evidence as to why he should be granted an out-of-time appeal after he "waited almost seven years to move for post-conviction relief."

**DISCUSSION**

2

¶4.     The record does not disclose why Conner's motion for a new trial languished for four-plus years without a ruling or why Conner did not appeal. But more important at this late stage, there is nothing in the record to justify Conner's failure to request an out-of-time appeal for almost *seven years* after he failed to file a timely notice of appeal. We recently addressed a similar request for an out-of-time appeal following years of unexplained delay. *Balle v. State*, 205 So. 3d 1087 (Miss. Ct. App. 2016). We observed that the Mississippi Uniform Post-Conviction Collateral Relief Act expressly permits a prisoner to file a motion for post-conviction relief requesting an "out-of-time appeal," Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2015), "but such a claim is still subject to the [Act's] three-year statute of limitations." *Balle*, 205 So. 3d at 1088 (¶2); *accord Buckley v. State*, 919 So. 2d 75, 77 (¶7) (Miss. Ct. App. 2005); *DeLoach v. State*, 890 So. 2d 934, 936 (¶7) (Miss. Ct. App. 2004). As in *Balle*, Conner's motion for post-conviction relief is barred by the Act's statute of limitations, and he has presented no evidence that would bring his claim within any exception to the time-bar. *Balle*, 205 So. 3d at 1088 (¶2).[1] Accordingly, we affirm the denial of his motion for post-conviction relief.

¶5.     **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO**

---

[1] See also *Parker v. State*, 921 So. 2d 397 (Miss. Ct. App. 2006), in which this Court affirmed the denial of a motion for post-conviction relief requesting an out-of-time appeal ten years after the fact. This Court stated that our Supreme Court's suggestion "that criminal defense lawyers obtain a signed writing regarding the client's decision whether or not to pursue an appeal" "is sound advice, [but] it is no rule of law from which we can find reversible error." *Id.* at 400 (¶8) (citing *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991)).

**HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**