# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00299-COA

**MATTHEW EVANS A/K/A MATTHEW STANFORD EVANS**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2018 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MATTHEW EVANS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     More than ten years after his conviction, Matthew Evans asked the Monroe County Circuit Court for permission to proceed with an out-of-time direct appeal.  The circuit court found that Evans's request was untimely and denied relief.  Because the circuit court did not abuse its discretion, we affirm.

## PROCEDURAL HISTORY

¶2.     On October 30, 2008, Evans was convicted of statutory rape.  The following day, he was sentenced as a nonviolent habitual offender to serve thirty years in the custody of the

Mississippi Department of Corrections (MDOC).[1]  On September 2, 2009, his attorney, Christopher Bauer, filed what he styled as an "out-of-time" motion for judgment notwithstanding the verdict or, alternatively, a new trial.  The motion included challenges to the sufficiency and weight of the evidence, as well as a claim that one of the jurors knew that Evans had previously been convicted of "crimes similar in nature to the crime for which [Evans] stood accused . . . ."  On July 14, 2010, the circuit court entered its order denying the post-trial motion.  Neither Bauer nor Evans filed a notice of appeal.

¶3.     On December 3, 2018, Evans filed a pro se motion in the circuit court, seeking "permission to proceed out of time."  According to Evans, he told Bauer that he wanted to appeal on the same day that the circuit court sentenced him and that Bauer said "he would do so immediately after he filed a [post-trial motion] and the court den[ied] it."  Evans also said that after waiting ten years, he learned through a "jailhouse lawyer" that "he could appeal his own case, and that his trial counsel did not perfect an appeal on his behalf because had he done so, . . . [he] would have . . . received a court decision."  Additionally, Evans asserted that he did "nothing to delay the perfection of his appeal."

¶4.     Citing Rule 4(g) of the Mississippi Rules of Appellate Procedure, the circuit court denied Evans's motion.  Evans appeals.

STANDARD OF REVIEW

---

[1] In 1999, Evans pled guilty to sexual battery.  He was sentenced to ten years in MDOC custody, but the circuit court suspended all ten years of that sentence and placed him on probation for five years.  In 2002, Evans pled guilty to fondling.  He was sentenced to twelve years in MDOC custody, and the circuit court again suspended the entire balance of the sentence and placed him on five years of post-release supervision.

¶5.     "When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Pulliam v. State*, 282 So. 3d 734, 736 (¶7) (Miss. Ct. App. 2019).

## DISCUSSION

¶6.     Because Bauer did not file Evans's post-trial motion within ten days of the October 30, 2008 judgment of conviction, the post-trial motion did not toll the deadline to appeal. *See Conwill v. State*, 168 So. 3d 1080, 1084 (¶19) (Miss. Ct. App. 2013). Consequently, Evans had until Monday, December 1, 2008, to file a timely notice of direct appeal. M.R.A.P. 4(a), 26(a).

¶7.     The certificate of service attached to Evans's motion for an out-of-time appeal is dated November 27, 2018. Assuming that he delivered his motion to prison authorities for mailing on that date,[2] Evans missed the deadline to file a notice of direct appeal by nearly ten years. Rule 4(g) provides that a "trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by" Rule 4(a). Because Evans did not request an extension within that time, the circuit court was correct that it could not grant permission to file an out-of-time notice of appeal under Rule 4(g).

¶8.     There was no express indication in his 2018 motion that Evans was seeking an out-of-time appeal under the Mississippi Uniform Post-Conviction Collateral Relief Act

---

[2] "[A]n inmate's certificate of service will not suffice as proof" of the date of filing in the context of the prison-mailbox rule. *Sykes v. State*, 757 So. 2d 997, 1001 (¶14) (Miss. 2000).

(UPCCRA). *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2015). A circuit court's authority to grant an out-of-time appeal under the UPCCRA is not implicated if the motion does not invoke the Act or make any attempt to comply with its pleading requirements. *Dorsey v. State*, 986 So. 2d 1080, 1083 (¶10) (Miss. Ct. App. 2008).

¶9.     We are mindful that "[a] pro se complaint is held 'to less stringent standards than formal pleadings drafted by lawyers.'" *McFadden v. State*, 580 So. 2d 1210, 1214 (Miss. 1991) (quoting *Haines v. Kerner*, 404 U.S. 519, 529 (1972)). "[W]here a prisoner is proceeding pro se, the fact that the complaint is not precisely stated . . . will not harm his case." *Id*. However, even construed liberally, Evans's motion for an out-of-time appeal contains no mention of the UPCCRA. There was no attempt to meet any of the pleading requirements in Mississippi Code Annotated section 99-39-9(1)(c)-(f) (Rev. 2015),[3] and Evans expressly argued that he was entitled to an out-of-time appeal under Rule 4(h). One

---

[3] Section 99-39-9(1) provides, in relevant part, that a motion for post-conviction collateral relief (PCR) "shall contain all of the following":

>   (c) A concise statement of the claims or grounds upon which the motion is based.

>   (d) A separate [(sworn)] statement of the specific facts which are within the personal knowledge of the petitioner . . . .

>   (e) A specific statement of the facts which are not within the petitioner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion [(absent a showing of good cause)] . . . .

>   (f) The identity of any previous proceedings in federal or state courts that the petitioner may have taken to secure relief from his conviction and sentence.

of the cases that Evans cited in his motion, *Minnifield v. State*, 585 So. 2d 723, 725 (Miss. 1991), involved a prisoner's request for an out-of-time appeal under the UPCCRA. But Evans merely referenced *Minnifield* after stating that "[t]hrough no fault of the Petitioner, Attorney Bauer failed to perfect an appeal." That is not enough to invoke the UPCCRA.

¶10.    In *Pulliam v. State*, 282 So. 3d 734 (Miss. Ct. App. 2019), this Court addressed a somewhat similar set of circumstances. As in this case, a prisoner requested an out-of-time direct appeal, and the circuit court found that it had no authority to extend the appeal deadline under Rule 4(g). *Pulliam*, 282 So. 3d at 736 (¶8). The circuit court "did not address whether Pulliam was entitled to an out-of-time appeal under the UPCCRA." *Pulliam*, 282 So. 3d at 737 (¶13); *see* Miss. Code Ann. § 99-39-5(1)(i). Consequently, we reversed the circuit court's judgment and remanded the case so the circuit court could "determine whether Pulliam's petition [met] the requirements of section 99-39-9 and state[d] a ground for relief." *Pulliam*, 282 So. 3d at 737 (¶13).

¶11.    There is one very significant difference between *Pulliam* and this case. In *Pulliam*, the judgment of conviction and the sentencing order were entered on August 24, 2016, and Pulliam filed his request for an out-of-time appeal on September 19, 2017. *Id*. at 735 (¶¶3-4). Thus, Pulliam filed his motion well within the three-year period provided by the statute of limitations applicable to a PCR motion as set forth in Mississippi Code Annotated section 99-39-5(2).

¶12.    That is certainly not the case here. Although the UPCCRA permits a prisoner's request for an out-of-time direct appeal, "such a claim is still subject to the Act's three-year

5

statute of limitations." *Conner v. State*, 230 So. 3d 1040, 1041 (¶4) (Miss. Ct. App. 2017). Evans had to file a PCR motion for an out-of-time direct appeal "within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired." Miss. Code Ann. § 99-39-5(2). Thus, Evans had to file such a motion no later than December 1, 2011. He missed the deadline by nearly seven years. Moreover, Evans has never identified any statutory exception to the statute of limitations, and his motion does not implicate any "fundamental constitutional rights." *Balle v. State*, 205 So. 3d 1087, 1088 (¶2) (Miss. Ct. App. 2016).[4] Whether weighed under Mississippi Rule of Appellate Procedure 4(g) or the provisions of the UPCCRA, the circuit court correctly concluded that Evans waited too long to request an out-of-time appeal. *See Duhart v. State*, 981 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2008) ("[O]n appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.").

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[4] "Under 'extraordinary circumstances,' ineffective assistance of counsel can [also] constitute an exception to the statutory time-bar." *Morales v. State*, No. 2018-CP-00737-COA, 2019 WL 3562031, at *5 (¶24) (Miss. Ct. App. Aug. 6, 2019) (citations omitted), *cert. denied*, 2020 WL 1026513 (Miss. Feb. 27, 2020). However, Evans has not alleged an ineffective-assistance-of-counsel claim in this matter.